UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HONGFEI YU,<br><br>    Petitioner,<br><br>  v.<br><br>MINGA WOFFORD, *et al*.,<br><br>    Respondents. | Case No.  1:26-cv-03669  (VC)<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 2 |

The motion for an emergency TRO is DENIED. Because the issues presented by the motion are time sensitive, this order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the arguments made by the parties.

The Petitioner has not shown a strong likelihood that due process requires he be released and provided a pre-deprivation hearing, nor a bond redetermination hearing before an immigration judge ("IJ"). As to release and a pre-deprivation hearing, Respondents cite to 8 U.S.C. § 1226(a) ("Section 1226") as the basis for Petitioner's detention. Dkt. 8 at 1. The Ninth Circuit determined in *Rodriguez Diaz v. Garland* that the procedures provided by Section 1226, which allow for detention pending removal proceedings, are facially constitutional. 53 F.4th 1189, 1213–14 (9th Cir. 2022). When a noncitizen is apprehended under Section 1226, an ICE officer makes the initial custody decision determining whether the noncitizen has "demonstrate[d] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the ICE officer denies release, the noncitizen may ask an IJ for a redetermination of the custody decision. *Id.* § 236.1(d)(1). At this hearing, "the burden of establishing whether

detention is justified falls on the government." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). If the government fails to meet this burden, the IJ will order release. *Rodriguez Diaz*, 53 F.4th at 1197. Petitioner has provided no evidence to suggest that he is entitled to more than what has already been determined constitutionally adequate by the Ninth Circuit.

As to a bond redetermination hearing, though a "federal court has jurisdiction under 28 U.S.C. § 2241 to review … bond hearing determinations for constitutional claims and legal error[,]" the Petitioner must first exhaust administrative remedies before seeking such relief. *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011). Exhaustion requires an appeal to the BIA, *see Cruz-Zavala v. Garland*, No. 20-CV-06872-LHK, 2021 WL 1192376, at *5–6 (N.D. Cal. Mar. 29, 2021) (finding remedies exhausted where denial of bond was appealed to the BIA and subsequently denied), or a finding that the appeal would be futile, *see Doe v. Becerra*, No. 2:25-CV-00647-DJC-DMC, 2025 WL 1233883 (E.D. Cal. Apr. 29, 2025). Here, Petitioner has not appealed the IJ's recent determination that he is a flight risk to the BIA, nor has he provided any evidence suggesting that such appeal would be futile.

The Court therefore cannot conclude that Yu has raised "serious questions" going to the merits of his constitutional claim, which appear to be foreclosed by binding Ninth Circuit precedent. Consequently, the Court declines to analyze the remaining *Winters* factors.

For the reasons explained above, Yu's motion for a temporary restraining order is denied. The parties are ordered to meet and confer and file a proposed schedule for briefing the merits of the habeas petition by May 20, 2026.

**IT IS SO ORDERED.**

Dated: May 18, 2026

VINCE CHHABRIA
United States District Judge

2