UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HONGFEI YU,

Petitioner,

v.

MINGA WOFFORD, *et al*.,

Respondents.

Case No. 1:26-cv-03669 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Hongfei Yu is an immigration detainee proceeding with a petition for writ of habeas corpus. *See* Dkt. No. 1. He contends that the bond hearing he received before an Immigration ("IJ"), in which the IJ denied bond on a finding of "flight risk," was constitutionally inadequate because it failed to materially consider evidence against the correct legal standard. *Id*. ¶¶ 19, 48, 56. Respondents argue that that the petition should be dismissed because Petitioner has not exhausted his administrative remedy of appealing his bond hearing determination to the BIA. *See* Dkt. Nos. 8, 12. For the reasons set forth below, the Court finds that exhaustion may be excused here, and orders Respondents to provide Petitioner with a renewed bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of China who entered the United States on November 29, 2023. *See* Dkt. No. 1 ¶ 17. On April 2, 2026, he was arrested by U.S. Immigration and Customs Enforcement ("ICE") and served a notice to appear ("NTA") placing him in removal proceedings. *See* Dkt. No. 8-1. The NTA charges him as inadmissible for overstaying his visa. *Id*. at 1. Following his detention, Petitioner was provided a bond hearing before an immigration

judge ("IJ") pursuant to 8 U.S.C. § 1226(a). The IJ denied bond, checking a box indicating that Petitioner was a "flight risk." Dkt. No. 1-4 at 1. The order does not include any further detail, and Petitioner contends that the IJ did not provide any "further explanation" or make any "individualized findings" with respect to the order. Dkt. No. 1 ¶19

Petitioner subsequently filed the instant petition along with an application for a temporary restraining order ("TRO") challenging the adequacy of his bond hearing. The Court denied the TRO, finding that Petitioner, at the time, had failed to exhaust his administrative remedies by appealing the bond determination to the Board of Immigration Appeals ("BIA"), and had not presented any evidence suggesting that exhaustion requirement should be excused. *See* Dkt. No. 10.

Since the order on the TRO, both parties have submitted responses with respect to the habeas petition. Notably, Petitioner has presented evidence that he appealed his bond denial to the BIA, which remains pending. *See* Dkt. No. 13-1. Additionally, he has submitted medical evaluations from his time in detention indicating that his mental health has declined dramatically since he appealed his bond order. *See* Dkt. No 14-1 at 1–2. Indeed, records indicate that he has experienced suicidal ideation and was recently diagnosed with an anxiety disorder and prescribed medication. *Id*. at 2; Dkt. No. 13-2 ¶¶ 3–6.

## II. DISCUSSION

Both parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1226(a) and that he was appropriately provided a bond hearing under that statute. Petitioner, however, maintains that the IJ's denial of bond through its one sentence order without materially considering the factors relevant to a bond determination violated his due process rights. *See* Dkt. No. 1 ¶¶ 40–58. In opposition, Respondents argue that the Petition should be dismissed as Petitioner's appeal to the BIA remains pending. Dkt. No 12 at 2.

### A. Petitioner Has Submitted Evidence Demonstrating that Exhaustion Should be Excused.

As the Court noted in denying the TRO, detainees are generally required to exhaust their

administrative remedies prior to seeking habeas relief from a bond order. Dkt. No. 10 at 2. In determining whether exhaustion is warranted, courts consider (1) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision," (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). However, a court may waive this requirement where (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

On the newly submitted evidence by Petitioner, the Court finds that waiver is appropriate here. Since the ruling on Petitioner's TRO, Petitioner has submitted evidence demonstrating that he will suffer irreparable harm if required to wait for the BIA to issue a ruling on his appeal. In his reply to the petition, he attests that his mental health has deteriorated significantly over the last few months, resulting in thoughts of suicide. Dkt. No. 13-2 ¶¶ 3–5. Requiring Petitioner to await further relief pending the BIA's decision on appeal would cause irreparable harm to Petitioner given his deteriorating mental health. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *4 (W.D. Wash. Apr. 10, 2026) ("given the lengthy delays inherent in the current appeals process, the Court finds Petitioner will suffer irreparable injury if he is required to wait for a BIA decision before being permitted to file a habeas claim"); *Yan Lu v. Los Angeles Field Dir., et al*, No. 5:26-CV-00575-JAK (SPX), 2026 WL 1455320, at *8 (C.D. Cal. Apr. 15, 2026) (excusing exhaustion requirement where Petitioner would be irreparably harmed by continued delay while waiting for BIA to rule); *Tavurov v. Noem*, No. 2:26-CV-00668-TLF, 2026 WL 1283513, at *4 (W.D. Wash. May 11, 2026) (finding that "petitioner has presented individualized evidence, related to his mental health struggles, that supports a finding that his continued detention for a potentially lengthy period of time, pending a BIA appeal of the IJ's

bond denial decision would create a risk of irreparable harm”).

Accordingly, the Court will consider Petitioner’s claim that his bond hearing violated due process.

**B. Petitioner’s Bond Hearing Violated Due Process.**

The habeas court’s review of an immigration judge’s determination of flight risk is for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 779, 784–785 (9th Cir. 2024). A court may only determine whether the IJ applied the correct legal standard, not reweigh evidence. *Martinez*, 124 F.4th at 785. In making bond determinations, an IJ may consider:

> (1) whether the alien has a fixed address in the United States; (2) the alien’s length of residence in the United States; (3) the alien’s family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien’s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien’s history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020). Petitioner contends that in conducting his bond hearing, the IJ did not engage in any “meaningful review of these mandatory factors — and instead issu[ed] a one-word checked-box decision” labeled “flight risk.” Dkt. No. 1 ¶ 55; Dkt. No. 8-4 at 1. Respondents have not rebutted this contention by, for example, providing a recording of the hearing, transcript, or set of written factual findings from the hearing.

The Court finds that the IJ abused its discretion here as it appears, based on the record before the Court, that the IJ did not apply any standard at all when denying bond. “Central to this conclusion are the absence of a reasoned explanation supporting the IJ’s decisions [or] of any record demonstrating the IJ meaningfully engaged with the governing legal standard or evidence presented[.]” *Soto Gimenez v. Hernandez*, No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *6 (W.D. Wash. Apr. 29, 2026) (collecting cases). “The IJ provided very little to guide judicial review in determining whether they applied the correct legal standard [as] the IJ did not provide

an explanation for the reasoning or point to anything in the record that indicated Petitioner was a flight risk." *Valdez-Reyes v. Scott*, No. 2:26-CV-01251-JHC, 2026 WL 1361635, at *3 (W.D. Wash. May 15, 2026). Indeed, Petitioner contends that the IJ "denied bond by simply checking a box labeled 'Flight Risk' with no findings of fact, no weighing of evidence, and no consideration of any relevant factors"—a contention which Respondents have not disputed. Dkt. No. 1 ¶ 62.

"Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or nonexistent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJ's abuse discretion in bond determinations[]" by failing to meaningfully engage with the BIA's own legal standards. *Soto Gimenez*, 2026 WL 1156075, at *5 (collecting cases); *Soriano*, 2026 WL 969764, at *4–5 (finding due process violation where IJ abused its discretion in denying bond); *Fuentes v. Mullin*, No. 5:26-CV-01651-KS, 2026 WL 1847436, at 7–8 (C.D. Cal. June 25, 2026) (same). Accordingly, the Court concludes that the IJ's bond determination did not accord with the requirements of due process when it apparently failed to apply the relevant legal standard and weigh evidence.

**C. Remedy**

"In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief."). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters 'as law and justice require.'" *Lujan*, 734 F.3d 917, 933 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release … or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (citations omitted) (collecting cases).

Considering § 1226(a)'s discretionary detention framework, and that the Ninth Circuit

has found the procedures under § 1226(a) constitutionally adequate, the Court finds that an order directing respondents to provide a renewed bond hearing, rather than immediate release, is the appropriate remedy. Respondents should be granted the opportunity to cure the legal errors in Petitioner's bond proceedings through a remedial hearing. Moreover, because a written record of the IJ's reasoning is not available for the Court's review, it is not clear that further immigration bond proceedings would be futile or incapable of redressing Petitioner's due process injuries. Accordingly, the Court grants Petitioner's alternative request for relief in the form of a renewed bond hearing.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's habeas Petition (Dkt. No. 1) is GRANTED IN PART. Respondents SHALL provide Petitioner a bond hearing before an immigration judge within seven days of this Order pursuant to 8 U.S.C. § 1226(a) at which the immigration judge must consider all evidence presented, as well as mitigating factors, and release Petitioner if it is determined that Petitioner is not a flight risk. Respondents SHALL file status report confirming that Petitioner received a bond hearing complying with this Order, or otherwise confirming his release, within five days of the hearing. With said status report, Respondents shall also submit a copy of the IJ's decision and factual findings.

The Clerk of the Court is directed to close this case and enter judgement accordingly. This order terminates all pending motions.

**IT IS SO ORDERED.**

Dated: August 6, 2026

VINCE CHHABRIA
United States District Judge